## Stewart's Executor *vs* Wyatt, &c.

CHANCERY.

ERROR TO THE KNOX CIRCUIT.

*Case* 117.

*Slaves.   Tenants in remainder of slaves.   Wills.*

JUDGE SIMPSON *delivered the opinion of the Court.*

July 4.

ALEXANDER STEWART, deceased, by his last will and testament, gave his negro woman, Priscilla, to his wife, Catharine, during her natural line. He, in a subsequent part of his will, made the following provision, viz: "My will and desire is, that my negro woman, Priscilla, remain with my son Isaac, until she is forty five years old, and that she then be free; and that her three children, viz: Mary, Jane and Ann, be valued, and that the amount of their valuation, added to the residue of whatever estate I possess at my death, not heretofore disposed of, shall be equally divided between all my children. But my son Isaac, if he thinks proper to do so, may keep the said children at their valuation, as his own property, on his paying my other children their respective portions of such valuation."

*Case stated.*

The widow died shortly after the testator. After her death and before the period had arrived when Priscilla was to be free under the will, she had three children. Those children form the subject of the present controversy. Isaac Stewart, the plaintiff in error, claims them under the foregoing provision in his father's will. The other children resist this claim, deny his right, and contend that they either pass under the residuary clause in the will, or belong to the estate of the testator, and being undisposed of by his will, pass to his executor for the benefit of his heirs. The Court below decided in favor of the heirs, and the plaintiff in error seeks a reversal of that decree.

*Decree of the Circuit Court.*

If the devise to Isaac vested him with the absolute property in the slave Priscilla, after his mother's death, until the time arrived that she was entitled to her freedom, and no interest in her was reserved by the testa-

*Children born of a slave who is to be free at a certain age, belong to the person to whom the slave may be devised until that period.*

tor, or devised to any other person, then according to the doctrine settled in the case of *Johnson's adm'r.* vs *Johnson's heirs, &c., (ante, p.* 470,) the children born during the continuance of his estate, would belong to him; there being no other person having any interest in the mother, and consequently no one who could claim the children as growing out of a right to the mother.

Although the testator does not say at what time the interest of Isaac in the slave is to commence, yet as he had previously devised her to his wife for her life, considering the whole will together, it was manifestly his intention that his wife should have her during her life, and that she should afterwards belong to Isaac, until she was forty five, at which time she was to be free.

The devise to Isacc does in fact, vest in him an estate in remainder; the slave, in the language of the will, is to remain with him. He became the owner upon the death of his mother. His right was not subject to any qualification but that of time. The duration of his estate was limited, but in all other respects it was absolute and unconditional, from the time of its commencement.

The testator reserved no interest in the slave. He devised none to any other person but the plaintiff in error. He left no part of his estate undisposed of. He obviously intended not to die intestate as to any part of it. He disposed of the children Priscilla then had. He made no allusion to the children she might afterwards have. This discrimination fortifies the conclusion, that the devise in remainder was absolute, leaving no interest in the slave in the testator's estate, but vesting the whole right and title to her for a limited period, in the devisee in remainder. Had the testator intended to convey merely the services of the slave, retaining a right to her children subsequently born, he would evidently have disposed of such issue in express terms, as he did those that had been then born. His omission to do this, negatives the supposition that the devisee in remainder was to have the services of the slave only, whilst the properties and faculties of the slave for other purposes, were reserved to the estate of the testator.

A claim to the children of a female slave, may arise from an interest in, or right to the mother; but where no right to the mother exists, and the children are claimed alone on the ground, that the mother once belonged to the person asserting the claim, or his ancestor, although he had divested himself of all interest in her, it is impossible to imagine any foundation for such a claim to rest upon.

Wherefore, as Priscilla was devised in remainder, absolutely to the plaintiff in error, until she attained the age of forty five, at which time she was to be free, and the testator reserved no interest in her, the children born during the continuance of the estate in remainder, belong to the devisee in remainder. The decree of the Court below being, therefore, erroneous, is reversed and cause remanded, for a decree in conformity with this opinion.

*Letcher & Tilford* for plaintiff; *F. Ballinger* for defendants.